## N. E. Broom et al. v. W. B. Herring.

### Decided March 30, 1907.

**1.—Deed—Delivery—Passing of Title.**

After a deed had been fully executed, including delivery, the grantee handed the deed to the grantor to be held by him until a crtain lien was discharged by the grantee. Held, the transaction vested the grantee with the title to the land, and the redelivery of the deed by the grantee to the grantor for the .purpose specified did not divest him of the title.

**2.—Vendor's Lien—Deed and Notes—Construed Together.**

It is proper to consider and construe the deed and the vendor's notes together in determining upon what land the lien is reserved, in case of ambiguity in the notes.

Appeal from the District Court of Parker County. Tried below before Hon. J. W. Patterson.

The alleged defect in the acknowledgment of the wife, referred to in the opinion, will be found in the brief of appellee.

*McCall & McCall,* for appellants.—In order that a delivery of a deed may transfer title, it must have been at the time of the delivery handed by the party to the grantee with intent to transfer title. Brown v. Brown, 61 Texas, 56; Tisher v. Beckwith, 11 Am. Rep., 546; 13 Cyc., p. 561, and also page 567-b; Steffian v. Milmo Nat. Bank, 69 Texas, 518; Kopplemann v. Kopplemann, 94 Texas, 44.

The right and title of a married woman to her homestead can not be divested out of her except upon conditions agreed to by her and at any time before the conditions are complied with she can refuse to comply with the same. Jones v. Goff, 63 Texas, 248; Williams v. Graves, 7 Texas Civ. App., 366; Winn v. Winn, 23 Texas Civ. App., 618; Warren v. Jones, 69 Texas, 463; 5 Waits, Actions, 783.

*Albert Stevenson* and *F. O. McKinsey,* for appellee.—If there was a delivery of the deed to Herring title instantly vested in him and his subsequent return of the deed to the grantor did not divest title out of him or in any way "affect or destroy the delivery" and the court did not err in so instructing the jury. Lapowski v. Smith, 1 Texas Civ. App., 391; Galbreath v. Templeton, 20 Texas, 45.

If Jessie Broom's acknowledgment was in fact taken as required by law, then it was immaterial that the officer's certificate of the acknowledgment was defective.

The court in its main charge fully instructed the jury as to what was required under the law to constitute a valid acknowledgment by a

married woman. The only defects in the acknowledgment are that he says, "personally appeared N. E. Broom, wife of N. E. Broom," and further down in the certificate he certifies, "she said that she, —— Broom," etc., her first name being omitted, and the officer failed to affix his seal. Johnson v. Taylor, 60 Texas, 363.

· CONNER, Chief Justice.—In January, 1905, N. E. Broom, with the concurrence of his wife, Jessie Broom, and W. B. Herring, entered into an agreement for the sale and exchange of· lands substantially as follows: W. B. Herring was to sell about three hundred and twenty acres of land owned by him to N. E. Broom at nine dollars per acre, in payment of which Broom and wife were to convey to Herring eighty acres of another survey owned by them, and herein claimed as their homestead, at the estimated value of seven hundred dollars. Mrs. Broom refused to consent to the exchange unless Herring would agree to make a "clear deed" to sixty of the three hundred and twenty acres owned by Herring, and· this Herring agreed to do. Pursuant to the agreement Herring executed and delivered two deeds to the Brooms, one with general warranty and without reservation of lien, conveying said sixty acres, and one conveying the remainder, two· hundred and sixty-one acres, reserving the vendor's lien for the payment of the balance of the purchase money due from Broom on the entire three hundred and twenty acres after deducting the agreed value of Broom's said eighty acres. Broom and wife made deed to Herring in terms conveying the eighty acres, but it is insisted by them that it was not duly acknowledged and that it was never delivered. So contending, several months after the time of these conveyances, the Brooms resumed possession of the land conveyed by them, and Herring ·instituted· this suit in trespass to try title for its recovery, bringing the same to a successful issue.

It seems to us that the material issues presented for our consideration‸ arise out of appellants' contention that the deed made by them was not delivered. On this issue the evidence was sharply conflicting. Appellant N. E. Broom testified to the effect that the acknowledgment of the deed of himself and wife was taken by a Mr. Churchill, justice of the peace and notary public, to whom the deed was delivered to be retained until Herring discharged a debt for about eight hundred dollars secured by lien on the three hundred and twenty acres conveyed by Herring, and until he, Broom, was satisfied. Mrs. Broom testified to the effect that she refused to sign a deed to her land until Herring made a "clear‸ deed" to sixty acres of land to be received by them in exchange, and both testified to the effect that Herring not having discharged this lien, they demanded and received from Churchill a return of their deed.

The appellee, however, testified to the effect that after the execution of the deed by Broom and wife and after N. E. Broom had executed notes for purchase money to be paid by him, as indicated in the agreement stated above, both notes and· deed had been delivered to him by N. E. Broom in the presence of the justice; that at this time the eight hundred dollars debt secured by lien on the· entire three hundred ·and twenty acres had not been paid, but that it was his, Herring's, purpose to use the Broom vendor's lien notes as a basis for a loan with

which to discharge said debt, and this fact was well understood by Broom; that after the delivery of the deed and notes by Broom they walked out of the house and had a conversation, when Broom asked him, Herring, when he thought he could discharge the eight hundred dollar lien; that he said to Broom, "Doc; to show you that I am going to act fair and get a release, you can hold the deed until I release the land," and thereupon handed him the deed. Churchill, the justice of the peace and notary public, corroborated the appellee as to the delivery of the deed, and it is undisputed that several months after this, and before the institution of the suit, Herring discharged the eight hundred dollar lien.

We find no error in the court's charge on the question of delivery. It is objected to on the ground that the court omitted to instruct the jury that the delivery must have been with the knowledge and consent of appellants "and with intent to pass title." The issue, as we interpret the evidence, was not one of a qualified delivery. There can be no question if the deed was handed to appellee as he states that it was, that it passed the title, and it was unnecessary that Mrs. Broom should have knowledge of the fact. The only basis for their contention that the deed should not have been delivered is the contention that she did not get a "clear deed" to the sixty acres conveyed by appellee. Appellee's deed to this sixty acres, as stated, warranted the title, acknowledged the consideration as fully paid and was without lien, save the lien in favor of a loan company for eight hundred dollars existing against the entire three hundred and twenty acres which had been discharged prior to the institution of the suit, and adopting, as we must do in deference to the verdict, appellee's rendition of the transaction, it must be held that the delivery of the deed to Herring operated as a transfer to him of the title to appellants' land, and the fact that appellee gave the deed back to appellant N. E. Broom for the purpose stated by him would not divest appellee of such title. The court's charge therefore was not erroneous in so instructing the jury.

An issue was made of whether the eighty acres of land mentioned was the homestead of appellants, but if we are correct in the foregoing conclusions this is now entirely immaterial. There is no contention that the deed in form is insufficient to convey the land, even though it be a homestead, nor do we think it can be reasonably contended that the acknowledgment to this deed was such as to render it inoperative. The issue of a proper acknowledgment on the part of the wife was distinctly submitted to the jury and the evidence amply supports the finding that the deed was properly acknowledged, though perhaps the certificate of the officer may be formally defective, although we are inclined to think it in substantial compliance with the statute.

There is also a contention on the part of appellants to the effect that the notes executed by N. E. Broom, as hereinbefore stated, reserve for their payment a lien on the entire three hundred and twenty acres conveyed by appellee. While the notes do seem to include the entire tract, yet the deed made at the same time and which must be considered, therefore, together with the notes, contains the following specific recital: "It is hereby stipulated that this deed contains and is only intended to contain two hundred and sixty acres of the above described land, and

the above mentioned vendor's lien applies and is only intended to apply to the two hundred and sixty acres of land last above mentioned." So that we think as a whole it is apparent that no lien exists upon the sixty acres deeded to appellants.

Finding no error in the proceedings below, it is ordered that the judgment be affirmed.

*Affirmed.*